WENTWORTH, Judge.
Appellant Escambia County seeks review of a declaratory judgment by which certain county-provided services were determined to be of no real and substantial benefit to the City of Pensacola, and the County was ordered to fund such services “by sources on or behalf of [sic] the unincorporated area.” Appellee City of Pensacola seeks review of the court’s dismissal of the City’s claim for damages based on the expenditure of county-wide revenues for the contested services in a prior tax year. We find that neither party has presented any point of reversible error and we therefore affirm the order appealed.
The order prohibits the funding of the County Sheriff’s Road Patrol and local road system from county-wide revenues. Absent real and substantial benefit to City property or residents, Article VIII, Section 1(h), Florida Constitution, prohibits the funding of such services from county-wide property taxes, and § 125.01(7), Florida Statutes, prohibits the funding of such services from county-wide revenues. See Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla.1979); City of St. Petersburg v. Briley, Wild & Assoc., Inc., 239 So.2d 817 (Fla.1970). The recent opinion in Palm Beach County v. Town of Palm Beach, 426 So.2d 1063 (Fla. 4th DCA 1983), indicates that the relevant standard is essentially a mixed question of law and fact; as such, it is necessarily dependent upon the particular circumstances of each case.
In the controversy before us both parties presented extensive evidence and expert testimony, and the record contains evidentiary support for the trial court’s finding that the contested services are of no real and substantial benefit to the City property or residents. Unlike Palm Beach, in the present case the parties argued, and it appears that the trial court did consider, the value of unquantifiable benefits. And while City of St. Petersburg, supra, indicates that the municipal benefits need not be direct or primary, it does not appear (contrary to the County’s assertion) that the trial court applied an incorrect légal standard in the present case.
The County also contends that the trial court erred in requiring allocation of various intra-departmental and extra-departmental appropriations utilized for the operation of the Sheriff’s Road Patrol and the local road system. But the County concedes that “costs in a budget that are purely a part of a challenged service should be aggregated with the more identifiable budget costs to determine the true costs of a service.” We conclude that such cost-accounting as the trial court mandated in the present case is a permissible method of piercing budget manipulation and ascertaining the true cost of the contested services.
The City asserts that the County’s sovereign immunity was waived when the City agreed to postpone legal action during the course of protracted negotiations between the parties. However, as *11 Manatee County v. Town of Longboat Key, supra, indicates, a municipality may not recover a money judgment against a county for past tax years because of the county’s sovereign immunity, which may be legislatively waived only by clear and unequivocal language. In the present case the City has shown no such legislative waiver, nor does the record otherwise establish any clear and unequivocal effective waiver. The City’s claim for damages based on a prior tax year was therefore properly dismissed.
The order appealed is affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.