OVERTON, Justice.
This cause is before this Court on petition to review a decision of the First District Court of Appeal reported as Escambia County v. City of Pensacola, 448 So.2d 9 (Fla. 1st DCA 1984). The district court found that county-wide revenues, which are derived from both city and county taxpayers, cannot be used to fund the county sheriff’s road patrol and the local road system in the unincorporated area of the county because the services provide no real and substantial benefit to the City of Pensacola and its residents. We find conflict with our recent decision in Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla.1984), in which we approved the use of county-wide revenues to fund the same types of services and improvements in Palm Beach County. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash the decision of the district court.
In the instant case, the City of Pensacola challenges the funding of the county sheriffs road patrol and the local road system in the unincorporated area of the county with county-wide revenues. Article VIII, section 1(h), of the Florida Constitution prohibits the funding of county-provided services with county-wide revenues unless the services provide a real and substantial benefit to the municipality. City of St. Petersburg v. Briley, Wild & Associates, Inc., 239 So.2d 817 (Fla.1970). In support of its position that it receives no benefit from the challenged road patrol services, the city presented evidence that: (1) the road patrols adjacent to the city do not include portions of the city; (2) the road patrol does not routinely patrol any area of the city; (3) complaints received by the sheriff’s office are referred to the city police unless the sheriff is specifically requested to respond; and (4) there has been a very small number of responses by the road patrol in the city. With regard to the county funding of local roads, the city set forth evidence that: (1) the roads are primarily used for access to residential subdivisions; (2) city residents do not use the roads when passing through unincorporated areas of the county; (3) the primary benefits are to people who live on the roads, all of whom live in unincorporated. areas; and (4) the roads do not customarily enhance or facilitate travel by city residents in areas outside the city.
The above factors are essentially the same as those presented by the city in Town of Palm Beach in its attempt to prove that it received no benefit from the sheriff’s road patrol and the local road system. We note that the trial judge in the instant case followed the holding of the trial judge in Town of Palm Beach in determining that there was not substantial benefit to the City of Pensacola. There is no significant difference between the factors presented in the two cases and, consequently, the results must be the same. Accordingly, we quash the decision of the district court and remand with directions to vacate the judgment below and enter a judgment consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.